RECEIVED

2020R00319/CM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUN 18 2020
AT 8:30 ___3:20 P___M
WILLIAM T. WALSH
CLERK

| UNITED STATES OF AMERICA | : | Crim. No. 20-525 (PGS) |
| | : | |
| v. | : | |
| | : | 18 U.S.C. § 922(g)(1) |
| DAVON HARLEY | : | 18 U.S.C. § 922(o)(1) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Trenton, charges:

## COUNT ONE

On or about February 8, 2020, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

DAVON HARLEY,

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Hudson County, did knowingly possess a loaded firearm, namely a Glock 26 9mm pistol, serial number LHF227, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT TWO</u>

On or about February 8, 2020, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

DAVON HARLEY,

knowingly possessed a machinegun, namely, a Glock 26 9mm pistol, serial number LHF227, altered to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

In violation of Title 18, United States Code, Section 922(o)(1).

<u>FORFEITURE ALLEGATION</u>

1.      The allegations contained in this Indictment are realleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g), set forth in Count One of this Indictment, the defendant,

DAVON HARLEY,

shall forfeit to the United States any firearms or ammunition involved in or used in the commission of that offense, including, but not limited to, the Glock 26 9mm pistol, serial number LHF227, large capacity magazine and twenty-two rounds of ammunition contained therein, seized from the defendant on or about February 8, 2020.

<u>SUBSTITUTE ASSETS PROVISION</u>

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

<blockquote>

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

</blockquote>

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

_Craig Carpenito/MB_

_____
CRAIG CARPENITO
United States Attorney

4

CASE NUMBER: 20-cr- 525 (Pgs)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

## UNITED STATES OF AMERICA

v.

## DAVON HARLEY

## INDICTMENT FOR
18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(o)(1)

CRAIG CARPENITO
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

*CHRISTOPHER MATTHEWS*
*SPECIAL ASSISTANT UNITED STATES ATTORNEY*
*TRENTON, NEW JERSEY*